Conway, Ch. J.
This is a proceeding brought by the trustees under the will of Margaret Donald Bishop, deceased, for a judicial settlement of their final account and for a construction *298 of the will of the deceased in order to determine to whom they should pay the share of the residuary estate which, by the terms of paragraph (c) of article Sixth of the will, they were directed to pay to “ The Dunfermline & West Fife Hospital situate in Dunfermline, Fife, Scotland, to have and to hold the same forever.” A construction of the will is needed by reason of the fact that, subsequent to the date of the death of testatrix, the Government of Great Britain effected certain changes in Scottish hospitals by the passage of the National Health Service (Scotland) Act, 1947 (10 & 11 Geo. VI, ch. 27, eff. July 5, 1948). The principal question to be determined is whether the intended beneficiary has lost its identity by reason of the changes wrought in it by such Act. The Surrogate and the Appellate Division have agreed that the intended beneficiary has not lost its identity and that the gift did not lapse by reason of the passage of the National Health Service Act and have ruled that the share in question should be paid by the trustees to “ The West Fife (Scotland) Hospital’s Board of Management provided that that body file its corporate agreement to confine the use of the funds to the Dunfermline Hospital.”
The facts are stipulated in writing by counsel.
The decedent died at Dunfermline, Scotland, on August 24, 1938, a resident of the County of New York. Her will, dated April 3, 1935, was thereafter admitted to probate in the Surrogate’s Court of New York County.
By article Sixth of her will, the decedent divided her residuary estate into three equal parts. One part was bequeathed to her sister, Anna Edgar Donald, outright. The other two parts were bequeathed to the trustees named in the will in trust for the benefit of her sister for her life. Anna Edgar Donald was also given a general testamentary power of appointment over the principal of this trust. It was provided that upon the death of Anna Edgar Donald without exercising the power of appointment the principal of the trust fund (or the entire residuary estate if Anna Edgar Donald did not survive) was payable one half “ to The Dunfermline & West Fife Hospital situate in Dunfermline, Fife, Scotland, to have and to hold the same forever ’ ’, and one half ‘ ‘ to the Ossining Hospital Association of Ossining, Westchester County, State of New York, to have and to hold the same forever.”
*299 Anna Edgar Donald survived the decedent, and the trust was established on December 16,1942. Anna Edgar Donald died on April 15, 1950, and in her will, which was admitted to probate in the Surrogate’s Court, Westchester County, she specifically excluded therefrom any property under the power and repeated that it was her intention not to exercise the power.
Prior to July 5,1948, the effective date of the National Health Service (Scotland) Act, the Dunfermline & West Fife Hospital was not an incorporated entity but a voluntary one maintained by public subscription and its administration, property and funds were controlled by a body of seven trustees appointed at a public meeting of the subscribers. The Provost of the City and Royal Burgh of Dunfermline was, by virtue of his office of provostship, an ex officio trustee. Prior to July 5, 1948, all property and funds of the hospital were held in the individual names of the trustees for behoof of the hospital and their successors in office as such trustees. The Dunfermline & West Fife Hospital’s constitution and rules provided that the hospital was “ intended for the medical and surgical treatment of persons who are suffering from accidents or non-infectious forms of disease, preferentially for those residing in the town and district of Dunfermline.”
Pursuant to the National Health Service (Scotland) Act, 1947, the Secretary of State for Scotland, on July 5,1948, took over all hospital services and hospitals in Scotland. On said July 5, 1948, the Dunfermline & West Fife Hospital passed to the said Secretary of State for Scotland and on said date the hospital services rendered by the Dunfermline & West Fife Hospital were placed under the control and management of the West Fife Hospitals Board of Management, set up in accordance with the provisions of the said Act. The building and equipment of the Dunfermline & West Fife Hospital are still in existence, and are being operated by the said West Fife Hospitals Board of Management in rendering the hospital services which the said board is authorized to render under the National Health Service (Scotland) Act.
The West Fife Hospitals Board of Management is a body corporate with its own seal and had its office formerly at the Northern Hospital, Leys Park Road, Dunfermline and now at 16 Comely Park, Dunfermline. The said West Fife Hospital Board of Management controls and operates a group of five *300 hospitals in which is included the Dunfermline & West Fife Hospital.
The appellants, who are the residuary legatees of testatrix’ sister, Anna Edgar Donald, argue that the hospital intended to be benefited by the testatrix ceased to exist upon its nationalization; that payment of the bequest to a nationalized hospital would contravene public policy and should not be enforced; that the cy pres doctrine is not applicable because the testatrix did not have a general charitable intent, and that the gift should be paid to the estate of her sister, testatrix’ sole distributee.
Under the National Health Service (Scotland) Act, 1947, the Secretary of State for Scotland is charged with promoting the establishment of a comprehensive health service designed to secure improvement in the physical and mental health of the people of Scotland and the prevention, diagnosis, and treatment of illness (§ 1). Thus the Scottish National Health Service Act has the same purposes as the English National Health Service Act which we considered in Matter of Ablett (3 N Y 2d 261) and Matter of Perkins (3 N Y 2d 281). The two Acts are also similar in their provisions. Like the English Act, the Scottish Act provides for a substantial alteration in the management and control of hospitals. Under the English Act, title to the property was vested in the Minister of Health; under the Scottish Act title to the property was vested in the Secretary of State for Scotland, section 6 of the Act providing that there shall ‘£ be transferred to and vest in the Secretary of State for Scotland * * * all interests in or attaching to premises forming part of a voluntary hospital * * * and in equipment, furniture or other corporeal movable property used in or in connection with such premises, being interests held * * * by the governing body of the hospital or by trustees solely for the purposes of that hospital ”. The Act further provides that such hospitals are to be administered by Regional Hospital Boards and it provides for a Board of Management to control and operate one or more hospitals under the control of the regional board.
In pursuance of the Act, the West Fife Hospitals Board of Management was set up with the ££ power to accept, hold and administer any property upon trust for purposes relating to hospital or specialist services or to their functions under Part II of [the] Act with respect to research.” There are also direc *301 tions in the statute requiring the Board of Management to apply as far as practicable the, benefits of such a trust to the area in which the hospital is situated (§ 59, subd. [2]).
For many years prior to her death, decedent had subscribed to the funds of the Dunfermline & West Fife Hospital and it is clear that by her gift to the Dunfermline & West Fife Hospital she intended to assist in the care and healing of the sick who lived and should live in the area of that institution and who would be treated at such institution. That institution still exists and continues to serve the same community with the same facilities notwithstanding nationalization. Its purposes are the same charitable purposes. The changes made in the hospital by the National Health Service (Scotland) Act are largely in the direction of greater public control of its management. The Act has not eliminated the sick people of the Dunfermline area who, prior to the Act, were the intended objects of testatrix’ bounty. The legal organization of the institution has been changed by the Act, but the alteration in the structure of the hospital has not destroyed its charitable nature and has not made it impossible to give effect to the testatrix’ gift. The testatrix did not designate the beneficiary as a voluntary hospital, run by any particular board of management. She bequeathed the legacy to the hospital itself. Her gift was not conditioned upon the hospital’s remaining a voluntary hospital in the traditional sense, and we cannot write such a condition into her will.
In our judgment, the testatrix’ intention can be carried out by directing payment of the share in question to the West Fife (Scotland) Hospitals Board of Management. The administration of the fund by that body will be governed by the provisions of section 58 of the Act which, as we have said, confers upon that body the power to “ administer any property upon trust for purposes relating to hospital or specialist services or to their functions under Part II of [the] Act with respect to research.”
We are further of the opinion that the public policy of this State will not be offended by directing payment to the board. By our decision we carry out the lawful and charitable intention of the testatrix as we find it expressed in her will.
The order of the Appellate Division should be affirmed, with costs to all parties appearing separately and filing separate briefs, payable out of the estate.
*302 Desmond, Dye, Fuld, Froessel and Burke, JJ., concur with Conway, Ch. J.; Van Voorhis, J., dissents for reasons stated in the dissenting opinion in Matter of Ablett (3 N Y 2d 261, 279).
Order affirmed.